UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OTIS CLIFTON,

                                 Plaintiff,                        **MEMORANDUM AND ORDER**

   -against-

                                                                     13-CV-5315 (RRM) (CLP)

OFFICE OF TEMPORARY DISABILITY
ADMINISTRATION,

                                Defendant.
------------------------------------------------------------X
------------------------------------------------------------X
OTIS CLIFTON,

                                 Plaintiff,
   -against-
                                                                     14-CV-1513 (RRM) (CLP)

OTDA,

                                 Defendant.
------------------------------------------------------------X
------------------------------------------------------------X
OTIS CLIFTON,

                                 Plaintiff,
   -against-
                                                                    14-CV-1514 (RRM)

SOCIAL SECURITY ADMINISTRATION,

                                 Defendant.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge:

      On September 12, 2013, plaintiff Otis Clifton, proceeding *pro se*, commenced action No.

13-CV-5315 against defendant Office of Temporary Disability Administration ("OTDA"). By

Memorandum and Order dated December 4, 2013, the Court dismissed plaintiff's amended

1

complaint with leave to amend. (Dec. 4, 2013 Order, No. 13-CV-5315 (Doc. No. 6).) On March 3, 2014, plaintiff filed two new *pro se* actions (*See Clifton v. OTDA*, No. 14-CV-1513; *Clifton v. Social Security Administration*, No. 14-CV-1514.) The Court grants plaintiff's requests to proceed *in forma pauperis* in these new actions, and consolidates plaintiff's three actions, solely for purposes of this Memorandum and Order. For the reasons that follow, action Nos. 13-CV-5315 and 14-CV-1513 are dismissed without prejudice, and plaintiff's complaint in action 14-CV-1514 is dismissed with leave to amend, as more fully directed below.

## BACKGROUND

Plaintiff's amended complaint in action No. 13-CV-5315 states, in its entirety: "Goldstein compliance rule! Denied Father 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, One Shot Deal 212-384-1000 Filed. $2000 SNAP & $2,500 One Shot Deal Denied." (No. 13-CV-5315 (Doc. No. 4).) In the December 4, 2013 Order, the Court dismissed this amended complaint without prejudice, for failure to state a claim, explaining that the pleading was incoherent, contained no allegation against OTDA, and did not state what relief plaintiff sought. (Dec. 4, 2013 Order.) The Court directed plaintiff that if he wished to file a second amended complaint, he must do so under docket No. 13-CV-5315, within 30 days of the Order's entry. The Court also warned plaintiff that it would dismiss the action without prejudice if he failed to amend within the allotted time. Plaintiff failed to file a second amended complaint under No. 13-CV-5315 or to seek an extension from the Court.

On March 3, 2014, two months after plaintiff's time to file a second amended complaint in action No. 13-CV-5315 expired, plaintiff filed two new *pro se* actions – Nos. 14-CV-1513 and 14-CV-1514.

In action No. 14-CV-1513, which plaintiff brings against OTDA, plaintiff invokes the Court's jurisdiction pursuant to "Rental checks 2,500" and alleges:

> ADA rights $2,500 OTDA one shot deal $ . . . .
> Rental checks
> Denied
> 1-800-205-0110
> OTDA
> $2,500 x 14 years
> Filed.
> $1,000,000.000
> $1 million pension SSI/SSPI/SSA
> World War II vet 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.
> MORELAND COMMISSION FILINGS
> 1. Fed criminal acts racketeering$$$ fed judges contacted supreme court
> 2. RRB, SOC SEC, OTDA-1-800-205-0110 STOLEN FUNDINGS
> 3. SCOTT STRINGER COMPTROLLER FILED washington.feild@ic.fbi.gov
> 4. VETERAN COMPENSATION DENIED 20 YEARS FILED TOO CHILDREN OF ATOMIC VETS DEC VETERAINS FILERS STOLEN!.

(No. 14-CV-1513, Compl. (Doc. No. 1).)

In action No. 14-cv-1514, which plaintiff brings against the Social Security Administration, plaintiff invokes the Court's jurisdiction pursuant to "ADA rights" and alleges:

> Social Sec Disabilities Funds stolen . . . .
> $100,000 rental checks (2,500 x 14 years
> MORELAND COMMISSION FILINGS
> 1. Fed criminal acts racketeering$$$ fed judges contacted supreme court
> 2. RRB, SOC SEC, OTDA-1-800-205-0110 STOLEN FUNDINGS
> 3. SCOTT STRINGER COMPTROLLER FILED washington.feild@ic.fbi.gov
> 4. VETERAN COMPENSATION DENIED 20 YEARS FILED TOO CHILDREN OF ATOMIC VETS DEC VETERAINS FILERS STOLEN!.
> Denied Housing
> HUD Davis vs. NYC/won!
> Won 15 years ago
> $3333 & $300.00
> Tampering with Funding

(No. 14-CV-1514, Compl. (Doc. No. 1).)

## DISCUSSION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quoting Fed. R. Civ. P. 8(a)(2)), and each averment must be "concise[] and direct,'" *id*. (quoting) Fed. R. Civ. P. 8(d)(1)). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints must satisfy this plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), but a court reviews such allegations with "special solicitude." interpreting the allegations to raise the "strongest arguments that they suggest*.*" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (*per curiam*). Nonetheless, a court must dismiss a complaint brought *in forma pauperis* if the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If a liberal reading of the pleading gives any indication that a valid claim might be stated, the court must grant leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Although plaintiff failed to file a second amended complaint under docket No. 13-CV-5315, the Court construes his complaint in action No. 14-CV-1513 as an attempt to do so, as both actions name OTDA as defendant and mention a "one shot deal" and $2,500. Further, action Nos. 14-CV-1513 and 14-CV-1514 may be related; although they name different defendants, they both mention an unspecified disability, $2,500, and rental checks. In any event, both of plaintiff's new complaints, like the previously-dismissed complaint, are incoherent. They fail to

state a claim because they contain no allegations against the respective defendants, do not state what relief plaintiff seeks, and, therefore, do not provide facts sufficient for the Court to determine the nature of the claims and whether the Court has jurisdiction. Accordingly, the actions against OTDA (Nos. 13-CV-5315 and 14-CV-1513) are dismissed without prejudice, and the complaint against the Social Security Administration (No. 14-CV-1514) is dismissed with leave to amend. If plaintiff wishes to file an amended complaint in action No. 14-CV-1514, he must do so within 30 days of this Memorandum and Order's entry. The document must be captioned "AMENDED COMPLAINT," bear docket number 14-CV-1514 (RRM), and set forth the legal basis and factual allegations to support his claim, along with the relief he is seeking. If plaintiff fails to so amend within the time allowed, the Court will dismiss action No. 14-CV-1514 without prejudice.

## CONCLUSION

Action Nos. 13-CV-5315 and 14-CV-1513 are dismissed without prejudice.

The complaint in action No. 14-CV-1514 is dismissed, with leave to amend within 30 days of this Order's entry.

The Clerk of Court shall close action Nos. 13-CV-5315 and 14-CV-1513, in accordance

with the accompanying Judgments; mail copies of this Memorandum and Order, and the Judgments, to plaintiff; and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith; therefore, IFP status is denied for purposes of appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York  *Roslynn R. Mauskopf*
   April 4, 2014

_____
ROSLYNN R. MAUSKOPF
United States District Judge